UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DMITRIY LANIN,

        Plaintiff,

    v.

WELLS FARGO BANK NA; MARIN
CONVEYANCING CORPORATION;
GREENPOINT MORTGAGE FUNDING,
INC.; CAPITAL ONE, N.A.; and
DOES 1-50,

        Defendants.

_____/

Civ. No. S-09-2461 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of defendants
Wells Fargo, N.A. ("Wells Fargo"), Greenpoint Mortgage Funding,
Inc. ("Greenpoint"), Marin Conveyancing Corporation ("Marin"),
and Capitol One, N.A. to dismiss plaintiff Dmitriy Lanin's
("plaintiff") first amended complaint pursuant to Federal Rule of
Civil Procedure ("FRCP") 12(b)(6).  (Docket #s 6, 19).

1

Plaintiff opposes the motions.  For the reasons set forth below,[1]
defendants' motions are GRANTED.

### BACKGROUND

Plaintiff brings this action against defendants Wells Fargo,
Greenpoint, Marin, and Capitol One, N.A.[2]  (Pl.'s First Am.
Compl. ("Compl."), filed Sept. 1, 2009, ¶¶ 1-5.)  Plaintiff's
claims are based upon a residential home loan transaction and the
subsequent foreclosure of plaintiff's home.  (Id. ¶¶ 16, 8.)
Plaintiff, who is not fluent in English, bases several claims on
defendants' failure to provide plaintiff with copies of documents
in his native Slavic language.  (Id. ¶ 10, 37.)  Additionally,
plaintiff alleges that defendant Greenpoint acted as a "predatory
lender" by misrepresenting the terms of plaintiff's loan and by
failing to provide plaintiff with accurate disclosures.  (Id.
¶ 16.)  All defendants have moved to dismiss the action for
failing to state any claims upon which relief could be granted.
Fed. R. Civ. P. 12(b)(6).

### STANDARDS

Under Federal Rule of Civil Procedure 8(a), a pleading must
contain "a short and plain statement of the claim showing that
the pleader is entitled to relief."  See Ashcroft v. Iqbal, 129
S. Ct. 1937, 1949 (2009).  Under notice pleading in federal
court, the complaint must "give the defendant fair notice of what
the claim is and the grounds upon which it rests."  Bell Atlantic

---

[1]     Because oral argument will not be of material
assistance, the court orders these matters submitted on the
briefs. E.D. Cal. L.R. 230(g).

[2]     At times, defendants Greenpoint, Marin, and Capitol
One, N.A. are referred to collectively as the "GPM defendants."

1  v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations

2  omitted).  "This simplified notice pleading standard relies on

3  liberal discovery rules and summary judgment motions to define

4  disputed facts and issues and to dispose of unmeritorious

5  claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

6      On a motion to dismiss, the factual allegations of the

7  complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319,

8  322 (1972).  The court is bound to give plaintiff the benefit of

9  every reasonable inference to be drawn from the "well-pleaded"

10  allegations of the complaint.  Retail Clerks Int'l Ass'n v.

11  Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

12  allege "'specific facts' beyond those necessary to state his

13  claim and the grounds showing entitlement to relief." Twombly,

14  550 U.S. at 570.  "A claim has facial plausibility when the

15  plaintiff pleads factual content that allows the court to draw

16  the reasonable inference that the defendant is liable for the

17  misconduct alleged." Iqbal, 129 S. Ct. at 1949.

18      Nevertheless, the court "need not assume the truth of legal

19  conclusions cast in the form of factual allegations." United

20  States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

21  Cir. 1986).  While Rule 8(a) does not require detailed factual

22  allegations, "it demands more than an unadorned, the defendant-

23  unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  A

24  pleading is insufficient if it offers mere "labels and

25  conclusions" or "a formulaic recitation of the elements of a

26  cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at

27  1950 ("Threadbare recitals of the elements of a cause of action,

28  supported by mere conclusory statements, do not suffice.").

3

Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**ANALYSIS**

**A.   Defendants' Exhibits**

In ruling upon a motion to dismiss, the court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). Rule 201 permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and

4

ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court can take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." Id. The policy concern underlying the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiff's first claim for relief, an action to quiet title, is dependent upon plaintiff having a current interest in the property. Greenpoint's Exhibit 3 and Wells Fargo's Exhibit G show the current title to the property in question. Accordingly, the court will treat the exhibits as part of the complaint and assume that their contents are true for purposes of the motions to dismiss. Ritchie, 342 F.3d at 908.

**B.   Violation of 15 U.S.C. § 1639(H), TILA and HOEPA**

Plaintiff's ninth, twelfth, and thirteenth causes of action are based on violations of 15 U.S.C. § 1639(h), the Truth in

1  Lending Act ("TILA"), and the Home Ownership and Equity

2  Protection Act ("HOEPA"), respectively.  (Compl. ¶¶ 86, 109-11,

3  123.)  In plaintiff's opposition to the motion to dismiss, he

4  concedes he no longer wishes to pursue actions based on HOEPA.

5  (Pl.'s Opp. at 11:18-22.)  Presumably, this concession also

6  applies to plaintiff's claims under TILA and 15 U.S.C. § 1639(h),

7  as plaintiff has failed to address these claims in his opposition

8  and both would be barred for the same reason as the HOEPA

9  claim––the residential mortgage loan in question does not fall

10  under the purview of TILA.  See 15 U.S.C. § 1602(aa).

11      Accordingly, defendants' motions to dismiss plaintiff's

12  ninth, twelfth, and thirteenth claims for relief are GRANTED

13  without leave to amend.

14  **C.   RESPA**

15      Plaintiff's sixteenth claim is for violation of the Real

16  Estate Settlement Procedures Act ("RESPA") against defendant

17  Greenpoint.  12 U.S.C. 2601 *et. seq.*  Greenpoint has moved to

18  dismiss this claim on the basis that plaintiff has failed to

19  plead any facts which could constitute a RESPA violation.

20  (Greenpoint's MTD, 14:5-9.)  Plaintiff did not address the RESPA

21  claim in his opposition to the motion.

22      Plaintiff has failed to state a cause of action under RESPA.

23  Plaintiff's sixteenth cause of action lists a litany of charges

24  including several violations of California law.  (Compl. ¶¶ 147-

25  54.)  Plaintiff's only allegations that could constitute a

26  possible violation of RESPA are in paragraph 140 of the

27  complaint:

28  ///

6

Defendant Green[point] violated RESPA with respect to Plaintiff's loan transaction by: (a) giving or accepting kickbacks or other things of value in violation of 12 U.S.C. § 2607(a) and 24 C.F.R. § 3500.14(b); and (b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. § 2607(b) and 24 C.F.R. § 3500.14(c).

(Compl. ¶ 140.) Plaintiff's allegations are barren of factual support. Plaintiff fails to state how Greenpoint has given or accepted kickbacks or split fees, and thus, the court GRANTS Greenpoint's motion to dismiss plaintiff's RESPA claim.

**D.   Quiet Title**

Plaintiff's first claim for relief is an action to quiet title against all defendants. (Compl. ¶ 30.) Plaintiff seeks a judicial declaration that the property is vested in him alone, and that none of the defendants have any estate or interest in the property. (Id. at ¶ 35.) Both Wells Fargo and the GPM Defendants contend that plaintiff lacks standing to bring the claim because plaintiff no longer has an interest in the property due to the foreclosure. (Wells Fargo's MTD, 7:14-16; GPM Defendant's MTD, 4:14-17.)

In order to proceed on a claim to quiet title, the plaintiff must have a legal interest in the property. See Lechuza Villas West v. California Coastal Com., 60 Cal. App. 4th 218, 242 (1997)(citing Peterson v. Gibbs, 147 Cal. 1, 5 (1905)); see also Melvin v. Melvin, 8 Cal. App. 684, 687-88 (1908) (where the plaintiff no longer had any title to the property she failed to state a cause of action for quiet title and the demurrer was properly sustained).

Plaintiff's complaint alleges that "[p]laintiff is the owner" of the property. (Compl. ¶ 31.) However, plaintiff also admits that Wells Fargo purchased the house at a foreclosure sale. (Compl. ¶ 8). Based on the exhibits which the court has taken judicial notice of, namely, a Trustee's Deed Upon Sale conveying the property from plaintiff to Wells Fargo, it is clear that plaintiff no longer has an interest in the property as his interest was lost when the property was sold at foreclosure to defendant Wells Fargo. (Wells Fargo's Ex. G; Greenpoint's Ex. 3.) Because plaintiff cannot allege that he has any present interest in the property, plaintiff's first cause of action to quiet title must be dismissed without leave to amend.

Accordingly, defendants' motions to dismiss plaintiff's quite title claim are GRANTED.

**E.    California Civil Code § 1632**

Plaintiff's second claim for relief is based on a violation of California Civil Code § 1632. (Compl. ¶¶ 36-37.) Section 1632 provides that when certain types of contracts are negotiated in certain languages other than English, the offeree must be provided with a translated copy of the contract before the contract is executed. Cal. Civ. Code § 1632(b) (West 2009). Defendants move to dismiss this claim on several grounds. Wells Fargo argues that they have never entered into a contract with plaintiff. (Wells Fargo's MTD, 8:9-10.) All defendants contend that plaintiff cannot state a cause of action under Section 1632 because plaintiff does not speak one of the languages covered by the statute. (<u>Id.</u> at 19-20; Greenpoint's MTD, 5:13-21.)

1   Section 1632(b) provides that "[a]ny person engaged in a

2   trade or business who negotiates primarily in Spanish, Chinese,

3   Tagalog, Vietnamese, or Korean . . . shall deliver to the other

4   party to the contract or agreement and prior to the execution

5   thereof, a translation of the contract or agreement in the

6   language in which the contract or agreement was negotiated. . .

7   ." Cal. Civ. Code § 1632(b) (West 2009). Section 1632 was

8   originally enacted in 1976 and applied only to the Spanish

9   language. 1974 Cal. Stat. ch. 1446. In 2003, the California

10  Legislature passed Assembly Bill 309, which added the Chinese,

11  Tagalog, Vietnamese, and Korean languages to the statute. 2003

12  Cal. Stat. ch. 330. The statute has been amended as recently as

13  2008. 2008 Cal. Stat. ch. 278.

14  Against defendant Wells Fargo, plaintiff has failed to plead

15  any facts which suggest that plaintiff and Wells Fargo have ever

16  entered into a contractual relationship. Plaintiff's claims

17  against Wells Fargo are based on the fact that Wells Fargo

18  purchased plaintiff's home at a foreclosure sale. (Compl. ¶ 8.)

19  Because plaintiff has not pled any allegations that Wells Fargo

20  negotiated any contract with plaintiff, plaintiff's claim under

21  Civil Code § 1632 against Wells Fargo must fail.

22  Furthermore, plaintiff admits that the Slavic language which

23  he speaks is not included as a covered language under § 1632.

24  (Compl. ¶ 38.) However, plaintiff argues that this court should

25  extend the statute to the Slavic language based on the overall

26  purpose of Section 1632. (Id. at ¶¶ 38-40; Pl.'s Opp, 5:1-7).

27  Plaintiff has not provided any authority for this proposition,

28  but contends that the Slavic language should be covered based on

9

the large increase in Slavic speakers in California since the statute was originally enacted in 1976.  (Compl. ¶ 40.)

Plaintiff's argument fails.  When the statute was originally enacted in 1976, it only protected Spanish speakers.  1974 Cal. Stat. ch. 1446.  It was not until 2003, and based upon information in the most recent census, that the legislature chose to amend the statute to include additional languages.  2003 Cal. Stat. ch. 330.  The legislature has amended the statute as recently as 2008, but chose not to include the Slavic language as a protected language under the statute.  2008 Cal. Stat. ch. 278. The question of which languages are to be covered is a question for the legislature, not this court.  Because plaintiff has failed to allege that he negotiated any contract in a language which is protected by the statute, plaintiff's claim under Section 1632 must be dismissed.

Accordingly, defendants' motions to dismiss plaintiff's claim under California Civil Code § 1632 are GRANTED without leave to amend.

**F.  Rescission Based on Fraud and Fraud**

Plaintiff's third and fourteenth claims for relief are based on the alleged fraud of defendant Greenpoint.  Plaintiff alleges that "[d]efendant Green[point] fraudulently, intentionally, and knowingly induced the Plaintiffs [sic] to enter into the subject mortgage transaction by misrepresenting and/or failing to provide material information."  (Compl. ¶ 128.)

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages."  <u>Gil v. Bank of</u>

Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006).  A court
may dismiss a claim grounded in fraud when its allegations fail
to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v.
Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).
Therefore, plaintiff "must state with particularity the
circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  In
other words, the plaintiff must include "the who, what, when,
where, and how" of the fraud.  Id. at 1106 (citations omitted).
"The plaintiff must set forth what is false or misleading about a
statement, and why it is false."  Decker v. Glenfed, Inc., 42
F.3d 1541, 1548 (9th Cir. 1994).  The purpose of Rule 9(b) is to
ensure that defendants accused of the conduct specified have
adequate notice of what they are alleged to have done, so that
they may defend against the accusations.  Concha v. London, 62
F.3d 1493, 1502 (9th Cir. 1995).  "Without such specificity,
defendants in these cases would be put to an unfair advantage,
since at the early stages of the proceedings they could do no
more than generally deny any wrongdoing."  Id. (citing Semegen v.
Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Furthermore, "Rule 9(b) does not allow a complaint to merely
lump multiple defendants together but require[s] plaintiffs to
differentiate their allegations when suing more than one
defendant . . . and inform each defendant separately of the
allegations surrounding his alleged participation in the fraud."
Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007).  When
asserting a fraud claim against a corporation, "the plaintiff's
burden . . . is even greater. . . . The plaintiff must 'allege
the names of the persons who made the allegedly fraudulent

11

representations, their authority to speak, to whom they spoke,
what they said or wrote, and when it was said or written.'"
Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996) (quoting
Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153,
157 (1991)); see also Edejer, 2009 U.S. Dist. LEXIS 52900 at *36
(dismissing the fraud claim where the plaintiff did not allege
any misrepresentation or false statements made by the defendants;
did not allege the names of the persons who made the allegedly
fraudulent representations and their authority to speak; and did
not allege with sufficient particularity or clarity what was
false or misleading about the statements); Mohammad Akhavein v.
Argent Mortgage Co., 2009 U.S. Dist. LEXIS 61796, at *10 (N.D.
Cal. July 17, 2009); Spencer v. DHI Mortgage Co., 2009 U.S. Dist.
LEXIS 55191, at *18 (E.D. Cal. June 30, 2009) (dismissing the
plaintiff's fraud claim without leave to amend because it failed
to satisfy Rule 9(b)'s "'who, what, when, where and how'
requirements" and was so deficient as to "suggest no potential
improvement from an attempt to amend").

     In the present case, plaintiff has failed to meet the
heightened pleading requirement of Rule 9(b).  Specifically,
plaintiff has alleged fraud against Greenpoint, which is a
corporation, but has failed to allege who actually made the
supposedly false representations or their ability to speak for
the corporation.  See Lazar v. Superior Court, 12 Cal. 4th 631,
645 (1996); Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.
App. 4th 153, 157 (1991).  For instance, plaintiff alleges that
Greenpoint "intentionally failed to disclose [facts] as of
February 28, 2005, and thereafter continued to keep this material

information from Plaintiff" and that Greenpoint "fraudulently, intentionally, and knowingly induced the Plaintiffs [sic] to enter into the subject mortgage transaction." (Compl. ¶¶ 53, 128.)  These allegations fail to allege which individuals purportedly failed to make such disclosures.

Accordingly, defendant Greenpoint's motion to dismiss plaintiff's claims for rescission based on fraud and fraud are GRANTED.

## G.   RFDCPA and FDCPA Violations

Plaintiff's fourth claim for relief alleges violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), and RESPA against all defendants.  (Compl. ¶ 58.) Defendants move to dismiss this claim because plaintiff has failed to allege any facts which could constitute a violation of these statutes.

Plaintiff has failed to allege any facts which could constitute unfair debt collection.  In plaintiff's opposition to the motions he contends that "[t]here is factual evidence that the GPM Defendants were involved in debt collection." (Pl.'s Opp., 5:11-12.)  However, plaintiff has not cited to where in his complaint that he alleges these defendants were involved in debt collection.  And, after close review, this court has found no such factual allegations.  Plaintiff merely alleges that the defendants have violated the RDFCPA, FDCPA, and RESPA.  (Compl. ¶ 58.)  These allegations are conclusions of law which need not be accepted as true by this court.  See United States ex. rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  The

only allegation which plaintiff makes which could be construed as a debt practice is the defendants' foreclosure of plaintiff's home.  (Compl. ¶ 59.)  However, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Izenberg v. ETS Services, LLC, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home Loans, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)).  Nor does foreclosure meet the requirements of a debt collection within the meaning of the RDFCPA.  Id.

Accordingly, defendants' motions to dismiss plaintiff's claims for unfair debt collection are GRANTED.

**H.   Unfair Business Practices**

Plaintiff's fifth claim asserts that all defendants violated Section 17200 of the California Business & Professions Code by engaging in unlawful, unfair, and fraudulent business practices. (Compl. ¶ 62.)  Plaintiff predicates this claim on defendants' alleged violations of California Civil Code § 1632, RFDCPA, FDCPA, and RESPA.  (Compl. ¶ 107.)

The Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." People ex rel. Gallegos v. Pacific Lumber Co., 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted).

Because plaintiff's UCL claim is predicated upon defendants' alleged violations of § 1632, RESPA, FDCPA, and RFDCPA, for the

14

1  reasons set forth above, plaintiff's allegations regarding their

2  UCL claim similarly fail to state a basis for relief.

3      Accordingly, defendants' motions to dismiss plaintiff's UCL

4  claim are GRANTED.

5  **I.  Breach of Fiduciary Duty**

6      Plaintiff's sixth claim for relief, against all defendants,

7  alleges that defendants breached their fiduciary duties by

8  allegedly failing to provide him with all disclosures required by

9  law.  (Compl. ¶¶ 69-70.)  Defendants move to dismiss the claim on

10 the basis that a lending institution does not owe a fiduciary

11 duty to a borrower.  Additionally, Wells Fargo moves to dismiss

12 on the ground that they never entered into any direct contractual

13 relationship with plaintiff.

14     In order to sustain a claim for breach of a fiduciary duty,

15 "a plaintiff must demonstrate the existence of a fiduciary

16 relationship, breach of that duty and damages."  Serrano v. Sec.

17 Nat'l Mortg. Co., 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14,

18 2009) (citing Shopoff & Cavallo LLP v. Hyon, 167 Cal. App. 4th

19 1489, 85 Cal. Rptr.3d 268, 285 (Cal. Ct. App. 2008).  "Absent

20 special circumstances, a loan transaction is at arms-length and

21 there is no fiduciary relationship between the borrower and

22 lender."  Rangel v. DHI Mortgage Co., Ltd., 2009 U.S. Dist. LEXIS

23 65674, at *8 (E.D. Cal. July 20, 2009); see also e.g. Tasaranta

24 v. Homecomings Fin., 2009 U.S. Dist. LEXIS 87372, at *15 (S.D.

25 Cal. Sept. 21, 2009); Brittain v. IndyMac Bank, FSB, 2009 U.S.

26 Dist. LEXIS 84863, at * 14 (N.D. Cal. Sept. 16, 2009);

27 Dinsmore-Thomas v. Ameriprise Fin., Inc., 2009 U.S. Dist. LEXIS

28 68882, at *29 (C.D. Cal. Aug. 3, 2009); Fox & Carskadon Financial

15

Corp. v. San Francisco Fed. Sav. & Loan Assn. 52 Cal. App. 3d 484, 488, 489 (1st Dist. 1975); Bradler v. Craig, 274 Cal. App. 2d 466, 473, 476 (2d Dist. 1969).

Plaintiff's claim for breach of fiduciary duty must fail because plaintiff has not alleged any facts which could create a special circumstance in which the GPM Defendants, as lenders, owed a fiduciary duty to plaintiff.  Plaintiff only alleges that "defendants, and each of them as the lender, trustee, mortgage broker, had[] a fiduciary duty to Plaintiff to advise him. . . ." (Compl. ¶ 69.)  Under California law, this is not the type of transaction which creates a fiduciary duty.  See, e.g., Rangel, 2009 U.S. Dist. LEXIS 65674, at *8.

Additionally, plaintiff has failed to allege any relationship with Wells Fargo aside from the purchase of plaintiff's home at the foreclosure sale.  (Compl. ¶ 8.) Therefore, plaintiff has failed to allege any facts which could possibly support a claim for breach of fiduciary duty as to Wells Fargo, and accordingly, the court GRANTS defendants' motions to dismiss this claim for relief.

**J.   Breach of Contract**

Plaintiff's seventh claim for relief is for breach of contract against defendant Greenpoint.  (Compl. ¶ 75.)  Plaintiff alleges that defendant had a duty to provide a copy of the contract in the Slavic language and that "[t]his failure to disclose, was and is a breach of contract by defendant." Id.  To the extent that plaintiff's breach of contract claim is based on a violation of California Civil Code § 1632 for failure to provide a Slavic language translation of the contract, his claim

16

for breach of contract must fail.  The court, as noted above, finds that Greenpoint had no such duty to provide a copy of the contract in the Slavic language.  Therefore, a failure to do so cannot be the basis of a claim for breach of contract. Greenpoint's motion to dismiss this claim is GRANTED.

**K.   Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's eighth claim for relief asserts that Greenpoint breached the implied covenant of good faith and fair dealing. Plaintiff specifically alleges that defendants collectively breached the implied covenant of good faith when they: (1) failed to comply with California Civil Code § 1632, requiring defendant to provide a copy of the contract in plaintiff's Slavic language; and (2) failed to comply with 15 U.S.C. § 1639(h).  (Compl. ¶¶ 80-81.)  To the extent that this court has concluded that Greenpoint owed plaintiff no duty under Section 1632 and plaintiff has conceded that no claim exists under 15 U.S.C. § 1639(h), plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed.

**L.   Wrongful Foreclosure**

Plaintiff's eleventh claim for relief is a claim for wrongful foreclosure against all defendants.[3]  The basis of plaintiff's allegation is that Greenpoint has never provided the actual promissory note but only a copy.  (Compl. ¶ 94(2)). Defendants move to dismiss this claim on the ground that it is not necessary to produce the original promissory note before

---

[3]   Plaintiff's complaint couches the claim as one for "unlawful" foreclosure.  (Compl. ¶ 94.)  Plaintiff's opposition papers clarify that the claim is for "wrongful" foreclosure and the court proceeds as such.

1    proceeding with a non-judicial foreclosure.

2        California Civil Code §§ 2924 through 29241 govern non-
3    judicial foreclosures pursuant to a deed of trust.  Non-judicial
4    foreclosure may be initiated by a "trustee, mortgagee, or
5    beneficiary, or any of their authorized agents."  Cal. Civ. Code
6    § 2924(a)(1).  Plaintiff contends that even when the deed of
7    trust designates a party as a trustee or beneficiary and the
8    party complies with the remaining requirements of Sections 2924
9    through 29241, this is not sufficient to demonstrate that a party
10   has the power to foreclose, because the party must also provide
11   the original promissory note.  Plaintiff bases his argument, in
12   part, on the requirements of the California Commercial Code.
13   (Compl. ¶ 100-01.)

14       As noted above, California's non-judicial foreclosure
15   process is governed by a statutory framework that is distinct
16   from the commercial code, California Civil Code §§ 2924-29241.
17   The California Civil Code has no requirement that a party
18   demonstrate actual possession of the promissory note.  See
19   Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, at
20   *12 (E.D. Cal. Oct. 22, 2009) (Karlton, J.) (reviewing several
21   district court opinions and concluding that "so far as this court
22   is aware, the district courts have unanimously concluded that in
23   a non-judicial foreclosure, a party need not demonstrate actual
24   possession of the underlying note").  Because plaintiff's sole
25   allegation supporting the claim for wrongful foreclosure is that
26   the defendants failed to produce the promissory note, plaintiff's
27   claim fails as a matter of law.  Defendants' motions to dismiss
28   plaintiff's eleventh claim for wrongful foreclosure are GRANTED.

**M.   Civil Conspiracy to Commit Fraud**

Plaintiff's fifteenth cause of action is for civil conspiracy to commit fraud against defendant Greenpoint. Greenpoint moves to dismiss on the grounds that plaintiff has failed to allege any facts which could constitute a conspiracy. The court agrees.  One of the hallmarks of any conspiracy claim is an agreement between two or more people.  Plaintiff's conspiracy claim is directed solely at a single defendant, namely Greenpoint.  Additionally, plaintiff's accusations are conclusory and totally lacking of factual support.  Plaintiff alleges that "[t]hrough their unlawful conduct constituting a civil conspiracy to defraud a vulnerable and immigrant homeowner, defendant Green[point] acted in a malicious, willful, wanton, and oppressive fashion, in reckless disregard of plaintiffs rights." (Compl. ¶ 134.)  This allegation fails to state a single fact from which this court could conclude that the defendants' actions could possibly constitute a conspiracy to commit fraud. Accordingly, Greenpoint's motion to dismiss plaintiff's claim for civil conspiracy to commit fraud is GRANTED.

**N.   Declaratory and Injunctive Relief**

Plaintiff's tenth cause of action for declaratory and injunctive relief is based upon plaintiff's first nine causes of action which this court has dismissed.  As such, plaintiff's claim for declaratory and injunctive relief must also be dismissed.  Accordingly, defendants' motions to dismiss plaintiff's tenth claim for relief are GRANTED.

///

///

1  **O.   Leave to Amend**

2      Plaintiff has requested leave to amend his complaint.

3  "Valid reasons for denying leave to amend include undue delay,

4  bad faith, prejudice, and futility." Cal. Architectural Building

5  Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

6  1988).  While leave to amend should be freely given pursuant to

7  Federal Rule of Civil Procedure 15, the court is not required to

8  allow *futile* amendments.  Klamath-Lake Pharm. Ass'n v. Klamath

9  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  Here,

10  amendment of the complaint with respect to plaintiff's first,

11  ninth, twelfth, and thirteenth claims for relief would be futile

12  under the governing law described above, and plaintiff does not

13  describe any other facts which could plausibly give rise to such

14  claims against defendants.  Iqbal, 129 S. Ct. at 1949.

15  Therefore, the court denies plaintiff leave to amend with respect

16  to these claims for relief.

17                          **CONCLUSION**

18      For the foregoing reasons, defendants' motions to dismiss

19  are GRANTED.  Plaintiff's first, ninth, twelfth, and thirteenth

20  claims are dismissed without leave to amend.  As to all other

21  claims, plaintiff is granted fifteen (15) days from the date of

22  this order to file a second amended complaint in accordance with

23  this order.  Defendants are granted thirty (30) days from the

24  date of service of plaintiff's second amended complaint to file a

25  ///

26  ///

27  ///

28  ///

1   response thereto.

2        IT IS SO ORDERED.

3   DATED: February 19, 2010

4   _____

5   FRANK C. DAMRELL, JR.
    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28