UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DMITRIY LANIN,

        Plaintiff,

  v.

WELLS FARGO BANK NA; MARIN CONVEYANCING CORPORATION; GREENPOINT MORTGAGE FUNDING, INC.; CAPITAL ONE, N.A.; and DOES 1-50,

        Defendants.
_____/

Civ. No. S-09-2461 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of defendants Wells Fargo Bank, N.A., Greenpoint Mortgage Funding, Inc., Marin Conveyancing Corporation, and Capital One, N.A. to dismiss plaintiff Dmitriy Lanin's ("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

    Jurisdiction is a threshold inquiry before the adjudication of any case before the court. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380

1

(9th Cir. 1988).  Without jurisdiction, this court cannot adjudicate the merits of this case or order any relief.  See id. ("If the district court had no jurisdiction over the subject matter, the action should have been dismissed, regardless of the parties' preference for an adjudication in federal court.").

Plaintiff's original complaint, filed in the Superior Court for the State of California in and for the County of Placer, alleged claims under both state and federal law.  Greenpoint Mortgage Funding, Inc. removed the case on September 1, 2009 on the basis of federal question jurisdiction.  On February 19, 2010, the court granted defendants' motion to dismiss with leave to amend certain claims.

However, plaintiffs filed a second amended complaint on March 15, 2010, which is devoid of any federal claims. Specifically, plaintiff's first amended complaint alleges claims for (1) negligence; (2) declaratory relief; (3) breach of contract; (4) unfair business practices in violation of California Business & Professions Code § 17200 et seq.; (5) unjust enrichment; (6) accounting; (7) promissory estoppel; (8) misrepresentation; (9) breach of fiduciary duties; (10) unconscionability; (11) cancellation of void instrument; (12) recession/cancellation (sic); (13) slander of title; (14) deceit; (15) violation of Civil Code §§ 1916.17 and 1921; and (16) violation of Civil Code § 1572.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision

whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.[1]

---

[1] While plaintiff's Second Amended Complaint references the Truth in Lending Act, the Equal Credit Opportunity Act, and Real Estate Settlement Procedures Act, such reference is insufficient to confer federal jurisdiction.  Federal jurisdiction may lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily

3

1  Accordingly, plaintiff's complaint is REMANDED to the
2 Superior Court of the State of California for the County of
3 Placer.
4  IT IS SO ORDERED.
5 DATED: May 21, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

violations of federal rules and regulations); <u>Mulcahey v. Columbia Organic Chemicals</u>, 29 F.3d 148. 153 (4th Cir. 1994).  In this case, none of plaintiffs' claims rely solely on violations of federal law.  (<u>See</u> Pl.'s Second Am. Compl., filed Mar. 15, 2010, ¶ 53) (basing unfair business practices claim on failure to make disclosures required by *California* and federal laws).

4